

**United States Department of Justice**

FILED
MAR - 2 2016
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

*United States Attorney*
*Southern District of West Virginia*

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

February 17, 2016

Gregory Campbell
105 Capitol Street
Suite 300
Charleston, West Virginia 25301

     Re:  United States v. Steven Adkins
           Criminal No. 2:15-00245

Dear Mr. Campbell:

    This will confirm our conversations with regard to your client, Steven Adkins (hereinafter "Mr. Adkins"). As a result of these conversations, it is agreed by and between the United States and Mr. Adkins as follows:

    1.  **PENDING CHARGES.** Mr. Adkins is charged in a single-count indictment which charges him with a violation of 18 U.S.C. §§ 924(a)(1)(A) and (2) (making and aiding and abetting a false statement relating to firearms purchases).

    2.  **RESOLUTION OF CHARGES.** Mr. Adkins will plead guilty to the single-count indictment, which charges him with a violation of 18 U.S.C. §§ 924(a)(1)(A) and (2) (making and aiding and abetting a false statement relating to firearms purchases).

    3.  **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Adkins will be exposed by virtue of this guilty plea is as follows:

      (a)  Imprisonment for a period of 5 years;

      (b)  A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

*SLA*
Defendant's
Initials

Gregory Campbell
February 17, 2016                    Re: Steven Adkins
Page 2

    (c)  A term of supervised release of 3 years;

    (d)  A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)  An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

    4.  **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Adkins will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Adkins will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Adkins fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Adkins.

    5.  **PAYMENT OF MONETARY PENALTIES.** Mr. Adkins agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Adkins further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    6.  **COOPERATION.** Mr. Adkins will be forthright and truthful with this office and other law enforcement agencies with regard to

*SCA*
Defendant's Initials

Gregory Campbell
February 17, 2016                           Re: Steven Adkins
Page 3

all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Adkins may have counsel present except when appearing before a grand jury. Further, Mr. Adkins agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

7. **USE IMMUNITY**. Unless this agreement becomes void due to a violation of any of its terms by Mr. Adkins, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

8. **LIMITATIONS ON IMMUNITY**. Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Adkins for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Adkins for perjury or false statement if such a situation should occur pursuant to this agreement.

9. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410**. The United States and Mr. Adkins stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Adkins agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried on any of the charges in the indictment, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Adkins

*SCA*
Defendant's
Initials

Gregory Campbell
February 17, 2016                              Re: Steven Adkins
Page 4

or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Adkins knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Adkins understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

10. **AGREEMENT ON SENTENCING GUIDELINES**. Based on the foregoing Stipulation of Facts, the United States and Mr. Adkins agree that the following provisions of the United States Sentencing Guidelines apply to this case.

USSG §2K2.1(a)(7)

Base offense level                                      12

§2K2.1(b)(1)(C)
25-99 additional firearms                               +6

The United States and Mr. Adkins do not agree on whether an adjustment under §3B1.1(a) for an aggravating role is applicable and agree to submit this adjustment to the Court for its consideration.

The United States and Mr. Adkins acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

                                                    _SLA_
                                                    Defendant's
                                                    Initials

Gregory Campbell
February 17, 2016                      Re: Steven Adkins
Page 5

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Adkins knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment, fine or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 22. ~~if the Court finds §3B1.1(a) is applicable~~ The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 15. ~~if the Court finds §3B1.1(a) is inapplicable~~.

Mr. Adkins also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Adkins knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no

                                                         Defendant's Initials

Gregory Campbell
February 17, 2016        Re: Steven Adkins
Page 6

representations or promises as to a specific sentence. The United States reserves the right to:

- (a) Inform the Probation Office and the Court of all relevant facts and conduct;

- (b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

- (c) Respond to questions raised by the Court;

- (d) Correct inaccuracies or inadequacies in the presentence report;

- (e) Respond to statements made to the Court by or on behalf of Mr. Adkins;

- (f) Advise the Court concerning the nature and extent of Mr. Adkins' cooperation; and

- (g) Address the Court regarding the issue of Mr. Adkins' acceptance of responsibility.

14. **VOIDING OF AGREEMENT**. If either the United States or Mr. Adkins violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

15. **ENTIRETY OF AGREEMENT**. This written agreement constitutes the entire agreement between the United States and Mr. Adkins in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Adkins in any Court other than the United States District Court for the Southern District of West Virginia.

*SCA*

Defendant's
Initials

Gregory Campbell
February 17, 2016                          Re: Steven Adkins
Page 7


Acknowledged and agreed to on behalf of the United States:

CAROL A. CASTO
Acting United States Attorney

By: *[signature]*

ERIK S. GOES
Assistant United States Attorney


ESG/smw

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this seven-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*[signature]*                              2-19-16
Steven Adkins                              Date Signed
Defendant

*[signature]*                              18 FEB 2016
Gregory Campbell                           Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                         CRIMINAL NO. 2:15-00245
                           18 U.S.C. § 924(a)(1)(A)
                           18 U.S.C. § 2(a)

STEVEN ADKINS
AKA "NOODLE"

### STIPULATION OF FACTS

The United States and Steven Adkins (hereinafter "Mr. Adkins") stipulate and agree that the facts comprising the offense of conviction in the single-count Indictment in the Southern District of West Virginia and the relevant conduct for that offense, include the following:

#### Background

At all relevant times, Mr. Adkins worked at Uncle Sam's Loans, Inc., ("Uncle Sam's") a gun and pawn shop located in Man, Logan County, West Virginia, within the Southern District of West Virginia. Uncle Sam's Loans was a firearms dealer licensed under Chapter 44 of Title 18, United States Code. Mr. Adkins was not a licensed dealer of firearms, nor was he listed on the Uncle Sam's Loans Federal Firearms License as a "responsible person" within the meaning of Chapter 44 of Title 18, United States Code.

Beginning in approximately late-2009 through at least late-2011, Mr. Adkins enlisted the aid of a person known to the grand jury (the "Known Person") in illegally selling and otherwise transferring firearms owned by Uncle Sam's. Mr. Adkins accomplished these illegal sales and transfers by having the Known Person make false statements and representations on Forms 4473, Federal Firearms Transaction Records. Uncle Sam's was required by Chapter 44 of Title 18, United States Code, to keep each Form 4473 and the information contained on the form as a record of a firearms transaction.

*SLA*
Defendant's
Initials

**PLEA AGREEMENT EXHIBIT A**

The false statements and representations pertained to whether the Known Person was the actual transferee/buyer of the particular firearms listed on the Forms 4473, and whether the Known Person was an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or other controlled substance. On each Form 4473 involving the Known Person, the Known Person stated and certified that he was the actual transferee/buyer and that he was not an unlawful user of or addicted to any controlled substance. In fact, however, at the time he filled out each Form 4473, the Known Person was an unlawful user of, and was addicted to, opiate pills, a controlled substance and narcotic drug. Furthermore, for each firearms transaction, the Known Person was not the actual transferee/buyer. These types of transactions, where the person representing that he or she is the actual buyer or transferee of a firearm, but is not in fact the actual buyer or transferee, are commonly known as "straw purchases."

Mr. Adkins directed the Known Person to fill out the Form 4473. The Known Person often accompanied Mr. Adkins when Mr. Adkins transferred firearms to the actual transferee/buyer.

From approximately late-2009 through late-2011, Mr. Adkins and the Known Person carried out at least 13 straw purchases. During this period, Mr. Adkins knew that the Known Person was an unlawful user of, and was addicted to, controlled substances, and knew as well that the Known Person was not the actual transferee/buyer for any of the firearms transactions.

Mr. Adkins also arranged for straw purchases to be conducted using people other than the Known Person. From late 2008 through August 2014, Mr. Adkins conducted and carried out illegal straw purchases of over 50 firearms, on firearms transactions recorded on Forms 4473 that were kept by Uncle Sam's.

In the case of all of the straw purchases conducted by Mr. Adkins, both with the Known Person and with others, the firearms listed on the Forms 4473 were manufactured outside of West Virginia and were transferred to individuals other than the individuals listed on the Forms 4473. All of the firearms met the definition of firearm listed in 18 U.S.C. § 921(a)(3).

_____<br>Defendant's Initials

**PLEA AGREEMENT EXHIBIT A**

2

## Offense Conduct

On or about December 21, 2010, Mr. Adkins directed and induced the Known Person to conduct a straw purchase for five firearms, where the actual buyer/transferee was not the Known Person but was two other known persons ("First and Second Actual Transferee"). For this particular transaction, the Known Person, acting at Mr. Adkins' direction, filled out the appropriate sections of the Form 4473. The Known Person stated and certified on the form that he was the actual transferee/buyer and that he was not an unlawful user of, or addicted to, narcotic drugs or any other controlled substance. At the time, both the Known Person and Mr. Adkins knew that these statements and representations were false.

The Form 4473 reflected the purchase of five firearms, that is, a Browning BAR rifle, .270 caliber, and four Smith & Wesson .500 caliber revolvers. Mr. Adkins also signed the Form 4473, certifying his belief that it was not unlawful to sell, deliver, transport, or otherwise dispose of the firearms listed on the form to the Known Person.

Instead of selling the five firearms to the Known Person, Mr. Adkins told the Known Person drive his vehicle behind Uncle Sam's, where Mr. Adkins and the Known Person loaded the five firearms into the vehicle. Mr. Adkins directed the Known Person to drive to a location where Mr. Adkins transferred the Smith & Wesson .500 revolvers to the First Actual Transferee. Mr. Adkins was then driven by Known Person to the home of the Second Actual Transferee where Mr. Adkins entered the residence with the Browning BAR .270 caliber rifle. Once inside, the Browning BAR .270 rifle was transferred to the Second Actual Transferee.

This Stipulation of Facts does not contain each and every fact known to Mr. Adkins and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

SCA
Defendant's Initials

**PLEA AGREEMENT EXHIBIT A**

3

Stipulated and agreed to:

_____        2-19-16
STEVEN ADKINS                          Date
Defendant

_____        18 FEB 2016
GREGORY CAMPBELL                       Date
Counsel for Defendant

_____        2/19/16
ERIK S. GOES                           Date
Assistant United States Attorney

Defendant's
Initials

**PLEA AGREEMENT EXHIBIT A**

4